IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02040-WYD

IN RE:

THOMAS LEE STEWART, SR. a/k/a, THOMAS L. STEWART, a/k/a THOMAS LEE STEWART, a/k/a, TOM STEWART fods COVENANT CONSTRUCTION & CONSULTING, INC.,

      Debtor.

ALBIN JANOWIAK and IRENA JANOWIAK,

      Plaintiff/ Appellee,

v.

THOMAS LEE STEWART, SR. a/k/a, THOMAS L. STEWART, a/k/a THOMAS LEE STEWART, a/k/a, TOM STEWART fods COVENANT CONSTRUCTION & CONSULTING, INC.,

      Defendant/Appellant.

## ORDER

THIS MATTER is before the Court on review of the Bankruptcy Court's Order regarding Plaintiff's Motion for Summary Judgment in Bankruptcy Case No. 05-38282 ABC, Adversary Proceeding No. 06-1183 ABC.  Thomas Lee Stewart, Sr. ("Stewart"), Appellant, argues that the Bankruptcy Court erred in granting Albin and Irene Janowiaks' (the "Janowiaks") Motion for Summary Judgment and directing that judgment be entered in favor of the Janowiaks.  The Janowiaks, on the other hand, argue that the Bankruptcy Court was correct in its determination that there were no issues of triable fact and summary judgment was properly entered in their favor.  After

consideration of the record and the parties' briefs, I find that the Bankruptcy Court erred in granting the Janowiak's Motion for Summary Judgment and REVERSE AND REMAND.

I.   BACKGROUND

The following facts are relevant to this appeal of the Bankruptcy Court's Order.[1] There are three separate proceedings which affect the outcome of this case: (1) a lawsuit initiated in El Paso County by the Janowiaks in 2005, *Albin Janowiak and Irena Janowiak v. Covenant Construction & Consulting, Inc., and Thomas L. Stewart*, Civil Action No. 05-cv-2391 (the "state district court case"), (2) Stewart's Bankruptcy case, Case No. 05-38282-ABC (the "bankruptcy case"), and (3) the adversary proceeding brought by the Janowiaks in the Bankruptcy Court, Case No. 06-1183-ABC (the "adversary proceeding").  A review of the history of these three proceedings is necessary to understand whether the Bankruptcy Court erred in entering summary judgment in favor of the Janowiaks in the adversary proceeding.

On June 7, 2005, the Janowiaks filed a Complaint against Stewart and Covenant Construction, LLC ("Covenant") in the state district court case.  In the Complaint, the Janowiaks allege that they entered into a contract with Covenant in order to have a home built on their property.  Stewart was an officer, director, and shareholder of Covenant. (Compl. ¶4). It is undisputed that the Janowiaks paid a deposit to Covenant for the construction of a residence on Appellee's lot.  (Appellant' Resp. to Pl. Mot. For

---

[1] To the extent the facts are undisputed, I have not cited to the record or the parties' briefs. Further, I have considered the other facts referenced in the briefs filed by the parties, but deem the facts set out herein the most relevant.

Summ.J. at 2). The Janowiaks further allege that "at Stewart's direction Covenant diverted the Deposit and Initial Payment for purposes unrelated to the Project and did not complete any work on the Project." (Compl. ¶10). In their Complaint, the Janowiaks brought one claim for relief against Stewart–Breach of Statutory Trust.

Stewart never answered the Complaint in the state district court case. Consequently, the Janowiaks moved for a default judgment against Stewart. On August 4, 2005, Judge Richard V. Hall granted the Janowiaks' motion and entered default judgment against Stewart. In the Order entering default judgment, the state district court found that Stewart was properly served with a Summons and Complaint on June 22, 2005. The state district court also found that Covenant failed to respond to the Complaint on or before July 12, 2005, as required by Colorado Rule of Civil Procedure 12. The state district court awarded the Janowiaks $343,942.80 in damages and interest.

On October 3, 2006, two months after the entry of default judgment in the state district court case, Stewart filed a chapter 7 voluntary bankruptcy petition. (Janowiaks' Br. at 4). On January 27, 2006, the Janowiaks filed a Complaint in the Bankruptcy case, arguing that a discharge order issued pursuant to section 727 of the Bankruptcy Code would not apply to the default judgment issued in the state district court case. On August 11, 2006, the Janowiaks filed a motion for summary judgment in the adversary proceeding. In their motion for summary judgment, the Janowiaks argued that because the issue of nondischargeability was already litigated in the state district court case, there were no issues of material fact remaining in the adversary proceeding. On

August 10, 2006, the Bankruptcy Court issued an Order granting the Janowiaks' Motion for Summary Judgment. The Bankruptcy Court concluded that the doctrine of collateral estoppel applied to the issue of whether or not the debt resulting from the default judgment was dischargeable. Specifically, the Bankruptcy Court found that "the judgment of the state court, finding that Defendant was liable for a breach of the 'statutory trust,' necessarily determined that Defendant committed a defalcation while acting in a fiduciary capacity." (Order at 3). Further, the Bankruptcy Court found that the previous issue was identical to the issue of non-dischargeability pursuant to 11 U.S.C. §523. Accordingly, the Bankruptcy Court held that collateral estoppel applied to the issue of whether the state court judgment debt was nondischargeable.

## II.   ANALYSIS

The only issue relevant to Stewart's Appeal is whether the Bankruptcy Court erred in concluding that collateral estoppel barred Stewart from relitigating the issue of dischargeability of the state court judgment debt. If the Bankruptcy Court erred in determining that collateral estoppel applied to the present case, then the grant of summary judgment was in error. To the contrary, if collateral estoppel does apply to the situation at hand, then the Bankruptcy Court's grant of summary judgment was correct.

### A.   Motion for Summary Judgment

In an adversary proceeding of a Bankruptcy case, Federal Rule of Civil Procedure 56 governs a summary judgment motion. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.*

    B.    <u>Collateral Estoppel</u>

A decision whether or not to apply collateral estoppel is a question of law to be reviewed *de novo*. *In re Dunston*, 146 B.R. 269, 277 (Bankr. D. Colo. 1992). "The federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 to give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Bolling v. City & County of Denver, Colo.*, 790 F.2d 67, 68 (10th Cir. 1986).

In his October 5, 2006, Order, the Bankruptcy Court Judge relied on the elements of collateral estoppel outlined in the case of *In re Matter of Lombard*, 739

F.2d 449 (10th Cir. 1984).  (Order at 3).  Specifically, the Bankruptcy Court stated that "in order for collateral estoppel to apply: (1) the issue in the prior case must be identical with the one presented in the subsequent action and necessary to the outcome of the case; (2) there must have been a final determination of the issue; (3) the party against whom collateral estoppel is asserted must have been a party in the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior case." *Id.*

However, the elements outlined in *In re Matter of Lombard* do not reflect the state of Colorado Law at the time the Order was entered.  The Colorado Supreme Court laid out the elements of collateral estoppel in the case of *Bebo Construction Co. v. Mattox O'Brien, P.C.*, 990 P.2d 78 (Colo. 1999).  *See also, Tonko v. Charles Mallow, et. al.*, 154 P.3d 397, 405 (2007).  The Colorado Supreme Court has held that collateral estoppel (or issue preclusion) bars relitigation of an issue when: "(1) the issue sought to be precluded is identical to an issue *actually and necessarily determined* in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding." *Tonko v. Charles Mallow, et. al.*, 154 P.3d at 405 (2007)(emphasis added).  In interpreting these elements, the Colorado Supreme Court made it clear that the question, as to prong one, is whether the issue was actually litigated in the underlying proceeding.  *See e.g. Tonko v. Charles Mallow, et. al.*, 154 P.3d at 405.

I find that the Bankruptcy Court erred in applying the test of *In re Lombardi*, rather than the most recent test pronounced by the Colorado Supreme Court. Although the two tests are largely similar, the test outlined in *Tonko v. Charles Mallow* includes the additional language in element one that the issue sought to be precluded was *actually litigated*. The Bankruptcy Court did not consider, or determine, whether the issue of dischargeability was actually litigated in the present case. Below, I will analyze this unanswered question.

Further, it appears that in concluding that the default judgment entered in the state district court case has preclusive effect, the Bankruptcy Court erroneously applied the broader standard regarding claim preclusion. (Bankruptcy Court Order at 4). The Bankruptcy Court cited to *Aspen Plaza Co. v. Garcia*, 691 P.2d 763, 764 (Colo.App. 1984), for the proposition that "Colorado courts have long held that default judgments entered against a non-appearing defendant may be entitled to preclusive effect through collateral estoppel." (*Id.*) *Aspen Plaza Co.*, however, was a case involving *res judicata*, not issue preclusion. 691 P.2d at 764.

I must apply Colorado law in determining whether or not collateral estoppel applies to the situation at hand. "When federal courts are called upon to interpret state law, they must look to rulings of the highest state court, and if no such rulings exist, must endeavor to predict how the high court would rule." *Lovell v. State Farm Mutual Automobile*, 466 F.3d 893, 899 (10th Cir. 2006). The Colorado Supreme Court has not yet determined the collateral estoppel effect accorded to prior default judgments. Issue

preclusion is narrower than *res judicata*, or claim preclusion, as "it only applies to issues actually litigated." *Rantz v. Kaufman*, 109 P.3d 132 (Colo. 2005).

After considering the current state of Colorado law, as well as the policies underlying the doctrine of collateral estoppel, I find that whether the state court default judgment debt is dischargeable was not *actually litigated* in the underlying state district court case. "To satisfy the first element of issue preclusion, the issue must be identical to the issue properly raised in a prior proceeding for determination by an adjudicatory body." *Tonko v. Charles Mallow, et. al.*, 154 P.3d at 405. In addition, "a party must have *actually litigated* the issue in the prior proceeding and the adjudicatory body must have necessarily decided the issue." *Id.* In the case at hand, the question is whether the underlying issue was actually litigated where the Defendant never participated in the case and default judgment was entered.

In the state district court case, defendant never answered the Complaint, no discovery took place, and the Court made no findings regarding the merits of the Janowiaks' claims. I find that, under these circumstances, the Colorado Supreme Court would most likely hold that the default judgment has no collateral estoppel effect and does not bar relitigation of the issues present in the state district court case. Under very similar circumstances, at least two federal district court judges from the District of Colorado have reached the same conclusion. *In re Dunston*, 146 B.R. 269, 277 (D. Colo. 1992), *In re Riggle*, No. 06-CV-02373-LTB, 2007 WL 2332141, *3 (D. Colo. 2007).

I find *In re Riggle's* thorough analysis of the current state of Colorado law pertaining to the doctrine of collateral estoppel persuasive. In the case of *In re Riggle*, Judge Lewis T. Babcock recognized that "in a dischargeability proceeding, the focus is placed on whether the debtor had an opportunity to present his case or to litigate the relevant issues." 2007 WL 2332141 *5. He explained that "[w]here the parties never complete discovery, and the documents, interrogatories, and answers to interrogatories fail to clarify all the facts, the bankruptcy court is under a duty to litigate anew the factual issues necessary to the determination of dischargeability." *Id*.

The factual situation in *Riggle* was very similar to the present case. In both situations, the issue of whether the debtor committed "a defalcation while acting in a fiduciary capacity" was not actually litigated in the underlying state cases. To the contrary, judgment was entered in both cases before the state court had an opportunity to consider the merits of the issue. In the present situation, the case never proceeded beyond the filing of the initial Complaint. The present situation is clearly a case where the state district court did not render findings based on actual evidence or where the parties engaged in any meaningful assessment of the facts. Accordingly, the Bankruptcy Court erred in finding that collateral estoppel applied to the issue of dischargeablity of the state district court debt.

IV.  CONCLUSION

For the foregoing reasons, I find that the Bankruptcy Court erred in granting Plaintiff's Motion for Summary Judgment.

Accordingly, it is

ORDERED that the Order Granting the Janowiaks' Motion for Summary Judgment, issued October 5, 2006, is **REVERSED**.  It is

FURTHER ORDERED that the case is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Order.

Dated:  August 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge